UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                      Chapter 11

SHELDRAKE LOFTS LLC,                    Case No. 10-23650 (RDD)

         Debtor and Debtor in Possession.
----------------------------------------------------------------X

## AMENDED INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION AUTHORIZING USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF

Upon the motion, dated September 16, 2010 **("Motion")** of Sheldrake Lofts LLC **("Debtor")**, debtor and debtor in possession, for an order, *inter alia,* authorizing the Debtor's use of cash collateral in which Remediation Capital Funding, Inc. **("RCF")** has an interest and granting related relief including "adequate protection" to RCF; and an objection to the Motion having been filed by RCF; and a hearing on the motion having been held by the Court, on September 24, 2010 and continued on September 27, 2010 (together "**Hearing**"); and upon the record of the Hearing; and after considering all papers filed in connection with the Motion; and after due deliberation; and good and sufficient cause appearing therefore, it is hereby:

**STIPULATED BY THE DEBTOR, FOR ITSELF BUT NOT ON BEHALF OF ITS ESTATE, AND RCF (SUBJECT TO CHALLENGE BY ANY OTHER PARTY IN INTEREST)**

1. The Debtor entered into a Loan Agreement dated March 2, 2007 with RCF, pursuant to which RCF loaned $6,635,000 to the Debtor. The Debtor also executed a Note dated March 2, 2007, in favor of RCF, in the sum of $6,635,000.

2. To secure the RCF loan, the Debtor executed a Mortgage, Security Agreement and Assignment of Leases and Rents dated March 2, 2007 **("Mortgage")**, and gave a first

mortgage lien on the Property to RCF for all sums due and to become due under the Loan Agreement, the Note and the Mortgage, along with an absolute assignment of rents.

**FINDINGS:**

3. An immediate need exists for the Debtor to use cash collateral in which RCF has an interest, including rental income from property of the Debtor, pursuant to an interim budget through December 31, 2010 annexed hereto.

4. The relief requested in the Motion to the extent provided in this Interim Order is agreed upon between Debtor and RCF as provided below.

5. This Interim Order is being entered after a hearing was held pursuant to Bankruptcy Rule 4001(c)(2). Good and sufficient notice was given by the Debtor in scheduling such hearing, and such notice was the best available notice under the circumstances.

6. The relief provided in this Amended Interim Order is without prejudice to RCF's position and remedies in the Debtor's case and in connection with RCF's pending motion to lift stay and other related relief, including, but not limited to, RCF's position that the rents and income from the Debtor's property are not part of the Debtor's estate. The relief provided within this Interim Order is also without prejudice to the right of RCF or any other interested party to have this Interim Order vacated upon a finding, after notice and a hearing, that the Debtor is using, or permitting any third party to use, the Property for an illegal purpose, including, without limitation, any use of the Property in violation of any zoning or land use law or regulations.

**IT IS ORDERED THAT:**

1. <u>Use of Cash Collateral Pursuant to Interim Budget.</u> The Debtor is hereby authorized to use cash collateral in which RCF has an interest (**"Cash Collateral"),** consisting of rent income from the Debtor's residential properties (**"Residential Property"**) and commercial

properties (**"Commercial Properties"**), in accordance with the interim budget as set forth in the two annexed schedules, which includes the Residential Property Budget and Commercial Property Budget but only for the time period through December 31, 2010.

    a.    For any single line item of expense in the Interim Budget, the Debtor may exceed the amount budgeted by up to 10%, without further Order of the Court. The Debtor may exceed the amount budgeted, for any single line item, for an additional 15% (for a total of 25%), with the written consent of RCF.

    b.    <u>Residential Properties.</u> The Debtor may use the Rent Income from the Residential Properties to pay the Residential Property Expenses set forth in the Interim Budget for the Residential Properties and, after all Property Expenses have been paid, may pay $2,500 to Mr. Attia as consideration for his property management services and all Administrative Expenses for the Residential Properties; provided, however, that any such payment to Mr. Attia for services rendered in August 2010 shall be reduced by any payment previously made to Mr. Attia or any of his family members on account of any such property management services in August 2010 or, otherwise, paid to such people as profits or net income from the Residential Properties in August 2010. Any remaining net income shall be used by the Debtor to pay real estate taxes for the Residential Properties or the Commercial Properties.

    c.    <u>Commercial Properties</u>. The Debtor may use the Rent Income from the Commercial Properties to pay the Commercial Property Expenses and, if sufficient funds remain, to pay the Commercial Property Administrative Expenses including compensation payable to Mr. Attia, provided, however, that any Administrative Expense, including compensation to Mr. Attia for property management, marketing and development, as well as any other payment to or for the benefit of any family member of Mr. Attia, shall only be payable from the Commercial

Property Rental Income and shall be reduced by any compensation previously paid for the month of August 2011. Any unpaid amounts shall not be considered administrative obligations of the Debtor's estate. Any remaining net monthly income shall be used by the Debtor to pay real estate taxes for the Commercial Properties and/or the Residential Properties.

  2. <u>Leases and Use of Debtor's Property</u>.

    a. The Debtor shall not perform any construction or initiate any use not existing pre-petition at the Property without the prior written consent of RCF which consent shall not be unreasonably withheld.

    b. The Debtor may maintain and repair the Property without the consent of RCF.

    c. The Debtor may close up holes at the 270 Lot with construction materials including fill or soil from third parties provided the Debtor obtains reasonable documentation showing that such materials comply with applicable environmental laws.

    d. The Debtor shall provide its proposed leases for the Warehouse to RCF within one business day after entry of this Order, along with any materials or information that will assist RCF in its consideration of whether to approve the proposed lease, including proof that each tenant has appropriate liability insurance. RCF shall have three (3) business days to consent to such lease, which consent shall not be unreasonably withheld, or provide the Debtor with the terms and conditions upon which RCF would consent. The business conducted by any tenant at the Warehouse shall not violate any applicable law.

    e. The Debtor shall provide its proposed lease or license agreement, with an actual lessee or licensee to RCF, for an individual consumer vehicle parking space at the 270 Lot, as soon as such lease or license agreement is ready for execution by the parties, along

with any other materials or information that will assist RCF in its consideration. RCF shall have reasonable access to the 270 Lot to examine the location where the Debtor intends to have parking spaces and Debtor shall reasonably cooperate with requests by RCF for additional information. RCF shall have three (3) business days after receipt to consent to such lease or license, which consent shall not be unreasonably withheld, or provide the Debtor with the terms and conditions upon which RCF would consent to such lease or license. If and when RCF consents to such lease or license, the Debtor may execute similar single individual consumer leases or licenses without the prior consent of RCF; provided, however, that the Debtor shall first obtain a copy of the driver's license for the lessee or licensee along with proof of insurance for such vehicle, and provide such documentation along with such lease or license to RCF within one business day after execution of the agreement.

    f.  The Debtor shall provide RCF with any other proposed lease or license agreement for the use of 270 Lot along with any other materials or information that will assist RCF in its consideration. RCF shall have three (3) business days to consent to such lease or license, which consent shall not be unreasonably withheld, or provide the Debtor with the terms and conditions upon which RCF would consent to such lease or license.

    g.  RCF shall provide its consent or objection to any lease or license by email or facsimile to counsel for the Debtor.

    h.  Any prior communications between RCF and Debtor, or either of their counsel, and any Court filings shall not be deemed notice of any post petition use, lease, construction or renovation.

    i.  In the event RCF objects to any proposed lease, use, construction or renovation and the Debtor contends that such objection constitutes the unreasonable

withholding of consent, then the Debtor shall schedule a hearing which may be conducted telephonically by the Court.

    j. In the event RCF fails to respond within three (3) business days after actual notice to RCF's counsel, then RCF shall be deemed to have consented.

    k. The Debtor may use any rent income from the Commercial Property, in accordance with the Interim Budget but may not use any monies expressly denominated as a "security deposit."

    l. Insurance.  The Debtor and RCF shall continue to work together to determine whether the insurance coverage recently obtained for the Property is sufficient in light of the current and proposed uses of the Property.

    m. Debtor shall provide all other existing leases or agreements for the use of the property within three (3) business day of the Court's approval of this Order, along with any account statements for tenant security deposits.

  2. <u>Adequate Protection.</u>  As adequate protection fort the Debtor's use of cash collateral, RCF shall receive a replacement lien on all post-petition rents collected by the Debtor which liens shall be deemed to be automatically perfected.

  3. <u>Super-priority Administrative Expense</u>.  RCF shall receive a super-priority administrative expense for any diminution in the value of its collateral as of the commencement of this case.

  4. <u>Binding Effect</u>.  This provisions of this Interim Order shall be binding upon and inure to the benefit of the RCF, the Debtor and their respective successors and assigns (including any trustee or other fiduciary appointed as a legal representative of the Debtor).

5. <u>Budget</u>.  The Debtor and RCF may amend, modify, or supplement the Interim Budget (i) upon no less than three (3) business days written notice to (i) the U.S. Trustee's Office; or (ii) upon no less than twenty-four (24) hours notice to the U.S. Trustee's Office in the event of any emergency; provided, however, that payment of no more than 10% in excess of any line item in the Budget, or 25% with the written consent of RCF, shall not be considered an amendment, modification or change of the Interim Budget. All such notices to U.S. Trustee's office may be sent by electronic mail.

6. <u>Final Hearing</u>.  The Debtor shall serve notice of entry of this Amended Interim Order, along with a copy of this Amended Interim Order and the proposed Final Order, by U.S. mail, within one (1) business day after entry of this Amended Interim Order, upon the following parties: (i) counsel for RCF, (ii) the U.S. Trustee's Office, (iii) the Village of Mamaroneck, (iv) each entity that filed a notice of appearance in this case.  The notice of entry of this Amended Interim Order shall state that any party in interest objecting to the terms of the Final Order shall file a written objection with the Court no later than December 16, 2010, which objection shall be served on such date upon (a) counsel for the Debtor, (b) counsel for RCF, and (c) the U.S. Trustee.  The Final Hearing to consider the Final Order shall be held on December 17, 2010, at 10:00 a.m. before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601-4104.

Dated:  White Plains, New York
       December 10, 2010

                                <u>/s/Robert D. Drain</u>
                                ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE